784 So.2d 622 (2001)
A.R., Mother of K.A.R. and L.T.R., Children, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D00-2675.
District Court of Appeal of Florida, Fifth District.
May 25, 2001.
*623 Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellant.
James A. Sawyer, Jr., Senior Attorney, Department of Children and Families, Orlando, for Appellee.
PER CURIAM.
A.R., mother of K.A.R. and L.T.R., appeals from an order adjudicating her two children dependent. Because the record contains insufficient evidence to support the dependency finding, we reverse.
The trial court did not find that K.A.R. or L.T.R. had been abused, abandoned or neglected. See § 39.01(14)(a), Fla.Stat. (1999). Rather, the trial court's finding is based upon the mother's purported "poor judgment" in leaving her youngest child, Franklin, with Franklin's natural father, Freddie Moore,[1] while she was at work "and the risk that presents to her children in the future." Baby Franklin died from shaken baby syndrome. A.R. immediately severed all ties with Freddie Moore. Freddie Moore has been criminally convicted in connection with the baby's death. The Department concedes that no evidence was presented that A.R. knew or should have known that Freddie Moore constituted a danger to baby Franklin and that A.R. failed to protect Franklin. The Department was relegated to showing that K.A.R. and L.T.R. were at substantial risk of imminent abuse, abandonment or neglect by the mother. See § 39.01(14)(f), Fla.Stat. (1999). The court did not find, and the Department failed to establish, that A.R. suffers from a mental or emotional condition which allows her children to be placed at substantial risk of imminent abuse or neglect. See Gaines v. Department of Children & Families, 711 So.2d 190 (Fla. 5th DCA 1998), rev. dismissed, 728 So.2d 747 (Fla.1999).
We are compelled to explicate a concern presented by this case even though our reversal is not predicated on the point. The record reflects an inexcusable delay in completion of the dependency hearing.[2] The hearing commenced on October 12, 1999 and was continued on four separate occasions until it was completed on September 7, 2000. The record indicates no reason for this nearly 11-month delay other than scheduling considerations. A delay under these circumstances is indefensible given the fundamental nature of the interest involved. See B.B. v. Department of Children and Family Services, 731 So.2d 30 (Fla. 4th DCA 1999); Lewis v. Department of Health and Rehabilitative *624 Services, 670 So.2d 1191 (Fla. 5th DCA 1996). The legislature has indicated its desire that child dependency cases be handled expeditiously, see B.B., 731 So.2d at 35, and the supreme court has enunciated time standards for adjudicatory hearings in dependency actions. See Fla.R.Jud.Admin. 2.085(d)(1)(E). By publication of this opinion, we hereby advise that delays such as those involved in this case will not be countenanced.
REVERSED.
COBB, PLEUS and PALMER, JJ., concur.
NOTES
[1] Freddie Moore is not the natural father of K.A.R. and L.T.R.
[2] A.R. argues unreasonable delay in the commencement of the dependency hearing but review of the record reflects that much of this delay was occasioned by continuances obtained at the behest of the parents or by circumstances beyond the Department's or the court's control.