987 So.2d 808 (2008)
H.B., father of M.B., a child, Appellant,
v.
DEPARTMENT OF CHILDREN AND FAMILIES, Appellee.
No. 5D07-3759.
District Court of Appeal of Florida, Fifth District.
August 11, 2008.
*809 Lawrence P. Cartelli, Assistant Regional Counsel, Office of Criminal Conflict and Civil Regional Counsel, Tavares, for Appellant.
Susan W. Fox of Fox & Loquasto, P.A., Tampa, Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, and Joyce C. Miller, Department of Children and Families, Wildwood, for Appellee.
Tracy L. Ellis, of Guardian ad Litem Program, Orlando, for Guardian ad Litem Program.
EVANDER, J.
The father, H.B., appeals from an order adjudicating his daughter, M.B., dependent. The evidence, taken in the light most favorable to the Department of Children and Families ("DCF"), established that on July 9, 2007, the father's paramour physically abused M.B. The father contends, however, that the evidence was insufficient to prove that he abused or neglected the child. We agree.
The physical abuse incident occurred shortly before M.B.'s third birthday. For her first one and one-half years, M.B. lived with both her parents. When M.B.'s parents separated, they agreed that she should reside with her father. Subsequently, the father's paramour began to reside with the father and M.B. At the time the father commenced a sexual relationship with the paramour, the father was 24 years old and the paramour had not yet turned 18.
Over time, the paramour became the child's primary caregiver. There were days in which the father's work schedule required him to work both days and evenings.
During the late evening of July 8, 2007, the father and the paramour were entertaining two friends at their residence. The father and the guests left shortly after midnight. The father went to another friend's house and then to a convenience store. He did not return home until approximately 1:00 a.m. Upon his arrival at the residence, the father was told by his paramour that M.B. had fallen down the stairs. After briefly examining M.B., the father immediately took his daughter to the hospital.
The treating physician found that M.B. had significant injuries around her eyes, numerous bruises on her face, and abrasions on her cheeks and neck. A subsequent CAT scan also revealed a skull fracture. In the treating physician's opinion, it was highly unlikely that M.B. suffered the injuries from falling down the stairs. Rather, it appeared that the child had been grabbed around the neck and struck in the face multiple times. Significantly, the doctor found that all the bruises appeared to be "about the same age."
DCF filed a shelter petition the following day. M.B. was placed in her mother's custody. The father was prohibited from *810 having unsupervised contact with M.B. On July 28th, the father and the paramour were arrested for aggravated child abuse and neglect. Prior to his arrest, the father had failed to appear for a scheduled interview with the investigating law enforcement officer.
The adjudicatory hearing took place on October 1, 2007. At that time, the criminal charges against the father and the paramour remained pending.
At the onset of the adjudicatory hearing, DCF stipulated that there was no evidence that the father was present at the time M.B. suffered her injuries. Furthermore, DCF failed to present any evidence that prior to July 9th, the paramour had ever abused M.B. or any other child. Nonetheless, the trial court adjudicated M.B. dependent, finding that the father's judgment was "impaired" as reflected by his decision to leave the child, after midnight, "in the care of the very girl the father previously admitted to molesting when she was 17." The trial court also faulted the father for not cooperating with law enforcement in pursuing the prosecution of his paramour.
The trial judge was understandably displeased with the father's apparent criminal conduct of engaging in a sexual relationship with his paramour prior to her eighteenth birthday.[1] However, the issue in this case was whether the father negligently failed to protect M.B. from the physical injuries inflicted on her by his paramour. See In re C.R., 937 So.2d 1257, 1260 (Fla. 2d DCA 2006). Here, DCF failed to present sufficient evidence that the father knew or should have known that his paramour was a threat to harm M.B.[2]See A.R. v. Dep't of Children & Families, 784 So.2d 622 (Fla. 5th DCA 2001).
Furthermore, we reject the Guardian ad Litem's suggestion that it was negligent for the father to leave M.B. with an 18-year-old caregiver where that caregiver had not graduated high school, had no first aid training, and lacked formal child care training.
The trial court's order was not supported by competent substantial evidence.
REVERSED.
MONACO and COHEN, JJ., concur.
NOTES
[1] See § 794.05(1), Fla. Stat. (2007) ("A person 24 years of age or older who engages in sexual activity with a person 16 or 17 years of age commits a felony of the second degree,...").
[2] Although DCF's investigator opined that there were marks on M.B.'s back that appeared to be "old" bruises, she admitted that she was not a medical doctor and therefore could not answer whether the marks were bruises rather than a skin condition. Additionally, the Child Protection Team report referenced in DCF's answer brief was never introduced into evidence.